# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE JARAMILLO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>Respondent. | Case No. 1:23-cv-00414-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy that excludes inmates considered organizers/leaders and inmates with immigration detainers from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.)[1] Petitioner requests that the Court direct the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (Id. at 7.) Respondent has moved to dismiss the

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

petition, asserting (among other grounds) that there is no case or controversy because Petitioner has been awarded FTCs that have been applied and resulted in an advanced release date and Petitioner is no longer in BOP custody. (ECF No. 11 at 2.) To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

## II.
## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, the record before the Court establishes that Petitioner earned 365 days of FTCs towards early release and 430 additional days of FTCs towards pre-release community custody, which the BOP determined were enough to advance Petitioner's date of supervision to immediate release. (ECF No. 11-1 at 6, 11–12.) Petitioner was released from BOP custody on July 28, 2023. (Id. at 8.) Given that Petitioner has received the remedy he requested in his petition, the Court finds that no case or controversy exists and dismissal is warranted on this ground.[2]

## III.
## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 11) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

///

---

[2] In light of this conclusion, the Court declines to address Respondent's other grounds for dismissal set forth in the motion to dismiss.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 28, 2023**

UNITED STATES MAGISTRATE JUDGE