# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE JARAMILLO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>Respondent. | Case No. 1:23-cv-00414-SAB-HC<br><br>ORDER VACATING NOVEMBER 28, 2023 FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 11, 13) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 28, 2023, the Court issued findings and recommendation recommending that Respondent's motion to dismiss be granted and the petition be dismissed as moot because Petitioner already received the remedy he requested in his petition and thus, no case or controversy exists. (ECF No. 13.) The parties have now consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 18.) Accordingly, the Court vacates the November 28, 2023 findings and recommendation and issues this order granting Respondent's motion to dismiss for the reasons set forth in the November 28, 2023 findings and recommendation.

///

///

1

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy that excludes inmates considered organizers/leaders and inmates with immigration detainers from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.)[1] Petitioner requests that the Court direct the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (Id. at 7.) Respondent has moved to dismiss the petition, asserting (among other grounds) that there is no case or controversy because Petitioner has been awarded FTCs that have been applied and resulted in an advanced release date and Petitioner is no longer in BOP custody. (ECF No. 11 at 2.) To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

**II.**

**DISCUSSION**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, the record before the Court establishes that Petitioner earned 365 days of FTCs towards early release and 430 additional days of FTCs towards pre-release community custody, which the BOP determined were enough to advance Petitioner's date of supervision to immediate release. (ECF No. 11-1 at 6, 11–12.) Petitioner was released from BOP custody on July 28, 2023. (Id. at 8.) Given that Petitioner has received the remedy he requested in his

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

petition, the Court finds that no case or controversy exists and dismissal is warranted on this ground.[2]

### III.
### ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The findings and recommendation issued on November 28, 2023 (ECF No. 13) is VACATED;
2. Respondent's motion to dismiss (ECF No. 11) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED; and
4. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: __**February 16, 2024**__

UNITED STATES MAGISTRATE JUDGE

---

[2] In light of this conclusion, the Court declines to address Respondent's other grounds for dismissal set forth in the motion to dismiss.